IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT HAZLETT,            )
    Plaintiff,            )    Civil Action No. 09-227 Erie
                           )
v.                         )
                           )    District Judge Sean J. McLaughlin
ROBERTA RAZKOWSKI, et al., )    Magistrate Judge Susan Paradise Baxter
    Defendants.          )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that Defendants' Motion for Summary Judgment [ECF No. 18][1] be granted in part and denied in part. More specifically, the motion for summary judgment should be granted as to the false arrest portion of the § 1983 claim and denied as to the excessive force portion of the claim.

It is further recommended that the Clerk of Courts be directed to terminate Defendant Reynolds as a party to this action as Plaintiff has withdrawn the claims against him.

**II.    REPORT**

    **A.    Relevant Background**

Plaintiff Robert Hazlett filed this civil rights action against Erie Police Officers Roberta Razkowski and Christian Reynolds in their individual capacities. Plaintiff alleges that these

---

[1] The nineteenth edition to The Bluebook: A Uniform System of Citation (Columbia Law Review Ass'n, et al. eds., 19th ed. 2010) provides citation form for court documents filed with the Electronic Case Management system of the federal courts. Rule B7.1.4. Although The Bluebook advises pinpoint citation to a document's original page number, this Court finds its practice of citing to the page number contained in the PACER header more efficient and will continue its prior practice of citing to that page number herein.

1

officers made "an unreasonable seizure" and used excessive force against him during an arrest in August of 2007. The complaint contains two counts: Count I – 42 U.S.C. § 1983 and Count II – Conspiracy.[2] As relief, Plaintiff seeks monetary damages.

Defendants have filed a motion for partial summary judgment[3]. ECF No. 18. Plaintiff has filed a brief in opposition (ECF No. 25), and Defendants have filed a reply brief (ECF No. 27). The issues are fully briefed and are ripe for disposition by this Court.

### B.     Standard of Review

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment shall be granted if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(e)(2) further provides that when a motion for summary judgment is made and supported, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. Fed. R. Civ. P. 56(c). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates,

---

[2] In the Opposition Brief to the motion for summary judgment, Plaintiff has withdrawn his excessive force claim against Defendant Reynolds, as well as his conspiracy claim against both Defendants, "based upon the record developed in discovery." ECF No. 25.

[3] Defendants do not move for summary judgment on the excessive force claim against Defendant Razkowski.

2

482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson, 477 U.S. at 248. Summary judgment is only precluded if the dispute

about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 247-249.

### C. Statement of Facts not in dispute

On August 31, 2007, Plaintiff placed more than one call to 911 from his residence at 406 Parade Street in Erie, Pennsylvania. ECF No. 19, ¶ 3; No. 24, ¶ 3. Defendant Police Officers Razkowski and Reynolds were dispatched to speak to Plaintiff and investigate his complaint. Id. at ¶ 4.

Plaintiff was placed under arrest for disorderly conduct and for public drunkenness. Id. at ¶ 7. Plaintiff was cited for these two summary offenses and later pled guilty to them before District Magistrate Suzanne Mack. Id. at ¶ 8. Plaintiff has not appealed his convictions and has not requested the withdrawal of his guilty pleas. Id. at ¶ 9.

### D. The Favorable Termination Requirement of Heck v. Humphrey

Defendants argue that this case should be dismissed as it is precluded by the favorable termination requirement of Heck v. Humphrey [512 U.S. 447 (1994)] and its progeny.

In Heck, the Supreme Court held that an individual cannot maintain a §1983 action for damages under the civil rights laws if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. See also Wallace v. Kato, 549 U.S. 384 (2007). The Third Circuit recently explained:

> "To determine whether a § 1983 claim should be dismissed as an impermissible collateral attack on an underlying conviction, 'a district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be

4

>dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.'"

Grier v. Klem, 581 F.3d 672, 677 (3d Cir. 2010) quoting Heck, 512 U.S. at 487. See also Gilles v. Davis, 427 F.3d 197, 210 (3d Cir. 2005) (plaintiff generally cannot maintain a § 1983 action unless the "termination of the prior criminal proceeding [was resolved] in favor of the accused.").

Therefore, this Court must determine whether judgment in favor of Plaintiff here would necessarily imply the invalidity of his underlying convictions. If it would, the claim must be dismissed. But, if this Court determines that Plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment, the action should be allowed to proceed.

The uncontradicted record before this Court reflects that: 1) Plaintiff was placed under arrest for disorderly conduct and for public drunkenness (ECF No. 19, ¶ 7; No. 24, ¶ 7); 2) Plaintiff was cited for the summary offenses and later pled guilty to both charges (id. at ¶ 8); and 3) Plaintiff has not appealed his convictions and has not requested the withdrawal of his guilty pleas (id. at ¶ 9).

To the extent that Plaintiff is alleging that he was subject to an unreasonable seizure in violation of the Fourth Amendment (see ECF No. 1-2, page 1), such a claim goes to the heart of the constitutionality of Plaintiff's criminal convictions. Thus, any relief which Plaintiff seeks in this regard would directly call into question the validity of his underlying criminal conviction and is precluded by Heck.

5

Plaintiff also alleges that Defendant Razkowski used excessive force against him during the arrest. The excessive force claim is not precluded by Heck, as a constitutionally valid conviction may still give rise to a civil rights action by a criminal defendant who was subjected to excessive force. See Nelson v. Jashurek, 109 F.3d 142 (3d Cir. 1997) abrogated on other grounds by Muhammad v. Close, 540 U.S. 749 (2000). In other words, it is a legal possibility that Defendant Razkowski used excessive force to effectuate an otherwise constitutionally valid arrest. Accordingly, summary judgment should be denied in this regard.[4]

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' Motion for Summary Judgment [ECF No. 18] be granted in part and denied in part. More specifically, the motion for summary judgment should be granted as to the false arrest portion of the § 1983 claim and denied as to the excessive force portion of the claim.

It is further recommended that the Clerk of Courts be directed to terminate Defendant Reynolds as a party to this action as Plaintiff has withdrawn the claims against him.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Federal Rules of Civil Procedure, the parties are allowed fourteen (14) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of the objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

---

[4] Defendants also argue that they are entitled to qualified immunity from the false arrest claim. Because that claim is precluded by the favorable termination requirement of Heck, this Court need not engage in a qualified immunity analysis.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: February 1, 2011